IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>ERNEST GOODMAN,<br><br>   Defendant. | CASE NO. 5:25-cr-1-10 |

## ORDER AND REPORT AND RECOMMENDATION

Defendant Ernest Goodman filed: a Motion to Participate in Voir Dire, doc. 636; a Motion Reserving the Right to File Additional Motions, doc. 637; and a Motion for Jencks Material, doc. 638; a Motion to Suppress Statements, doc. 655; and a Motion for Pretrial James Hearing, doc. 658.[1]  The Government filed Responses in opposition: docs. 708, 709.  I held a hearing on Goodman's Motions on October 7, 2025.  The parties presented oral argument on the Motion to Suppress.  For the following reasons, I **DENY** Goodman's Motions for a Pretrial James Hearing, Motion to Participate in Voir Dire, Motion Reserving the Right to File Additional Motions, and Motion for Jencks Material.  I **RECOMMEND** that the Court **DENY as moot** Goodman's Motion to Suppress Statements.

## BACKGROUND

The Government obtained an indictment against Goodman and 36 other Defendants. Goodman is charged with a range of offenses generally related to drug trafficking and possession of firearms.  Doc. 3.  Goodman was arrested on October 13, 2023, and remained in custody at the time of the indictment.  Doc. 708-1.

---

[1] Goodman also filed a Motion to Suppress Wiretap Evidence.  Doc. 654.  I address that Motion in a separate Report and Recommendation.

**DISCUSSION**

I. **Motion to Suppress Statements**

Goodman filed a Motion to Suppress Statements, seeking a hearing under <u>Jackson v. Denno</u> to determine if statements he made to law enforcement were voluntary. Doc. 655. Goodman does not specify any statements or any occasions when he made statements to law enforcement. The Government filed a Response, stating that law enforcement never conducted a custodial interview with Goodman, and there are no statements to be suppressed. Doc. 708 at 2. At the hearing, the Government stipulated that no custodial interview occurred and no statements subject to suppression from Goodman's time in custody exist. Based on this stipulation, I **RECOMMEND** the Court **DENY as moot** Goodman's Motion to Suppress.

II. **Motion to Participate in Voir Dire**

Goodman moves for counsel to be allowed to participate in voir dire. Doc. 636. The Government responds that it has no position on the request. Doc. 709 at 2. The Court **DENIES** Goodman's Motion. The presiding judge at trial shall conduct all voir dire questioning. The denial of Goodman's Motion to Participate in Voir Dire, doc. 636, does not preclude the parties from presenting proposed voir dire questions for the Court's consideration at the appropriate time.

III. **Motion Reserving the Right to File Additional Motions**

Goodman moves for the right to file additional motions. Doc. 637. The Government responds that it has no position on the request. Doc. 709 at 2–3. The Scheduling Order set the pretrial motions deadline on August 15, 2025. Doc. 274 at 2. I **DENY** Goodman's Motion. The Court will not preemptively grant any party a general right to file out-of-time motions. If Goodman seeks to file specific pretrial motions, he may do so by leave of Court and upon a

showing of cause. See United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990) (finding that a district court may consider an untimely motion "upon a showing of cause"); Fed. R. Crim. P. 12(c) (authorizing the court to set deadlines for pretrial motions).

### IV. Motion for Jencks Material

Goodman filed a Motion for Jencks Material. Doc. 638. The Government filed a Response, stating that it has already provided discovery in this case and "will continue to comply with Rule 16 and its other discovery obligations." Doc. 709 at 3. Goodman has not contested the Government's position. Goodman has not presented a live controversy for the Court to rule on. The Court, therefore, **DENIES** Goodman's Motion for Jencks Material.

### V. Motion for Pretrial James Hearing

Goodman moves for a pretrial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. Doc. 658. The Government opposes this request, explaining that it has not identified every statement made in furtherance of a conspiracy. Doc. 707 at 2.

To lay the proper foundation for admission of a co-conspirator statement under Federal Rule of Evidence 801(d)(2)(E) and under the standard enunciated in United States v. James, 590 F.2d 575, 582 (5th Cir. 1978), overruling on other grounds recognized by United States v. Martinez-Perez, 941 F.2d 295, 300 n.1 (5th Cir. 1978), "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." United States v. Harrison, 246 F. App'x 640, 651 (11th Cir. 2007). However, as the trial court may consider both co-conspirator statements and independent external evidence in determining admissibility, a pretrial determination under James

is not required.  United States v. Magluta, 418 F.3d 1166, 1177–78 (11th Cir. 2005); United States v. Van Hemelryck, 945 F.2d 1493, 1497–98 (11th Cir. 1991).  Thus, the required finding need not be made pretrial and can be made at the close of the Government's case-in-chief.  United States v. Tyson, CR 315-013, 2016 WL 1180202, at *1 (S.D. Ga. Mar. 25, 2016) (citations omitted).  Indeed, the United States Supreme Court has ruled a trial court may examine hearsay statements prior to admission when making a preliminary factual determination under Rule 801(d)(2)(E) and further explained that "the judge should receive the evidence and give it such weight as his judgment and experience counsel."  Bourjaily v. United States, 483 U.S. 171, 181 (1987) (citation omitted).

As the need for a James hearing is lessened considering Bourjaily, and in the interest of judicial economy, this determination does not need to be resolved at this time.  Therefore, the Court **DENIES** Goodman's Motion for a Pretrial James Hearing.  Doc. 658.  Goodman is free to raise challenges to the admissibility of any co-conspirator statements the Government seeks to introduce under James or other applicable law at the time the Government seeks to introduce the evidence.

## CONCLUSION

I **DENY** Goodman's Motions for a Pretrial James Hearing, Motion to Participate in Voir Dire, Motion Reserving the Right to File Additional Motions, and Motion for Jencks Material.  I **RECOMMEND** that the Court **DENY as moot** Goodman's Motion to Suppress Statements.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of December, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA