# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERNEST GOODMAN,<br><br>    Defendant. | CASE NO.: 5:25-cr-1 |

### ORDER

Defendant Ernest Goodman moved to suppress wiretap evidence. Dkt. No. 654. The Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Goodman's Motion. Dkt. No. 856. Defendant Goodman filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 893. After conducting an independent and de novo review of the entire record in this matter, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Goodman's Objections. The Court **DENIES** Goodman's Motion to Suppress.

### BACKGROUND

This case involves an investigation into a wide-ranging drug trafficking conspiracy. On January 15, 2025, the grand jury

indicted Goodman and 36 others of several counts, including money laundering, firearms possession, and trafficking controlled substances. Dkt. No. 3. During the investigation, the Government obtained several wiretap orders, both in the Southern District of Georgia and in state courts in Florida, and intercepted conversations on several phones, including phones belonging to Goodman. Goodman filed a Motion to Suppress, arguing that those wiretap orders were not valid. Dkt. No. 654. Goodman argues in the Motion that the wiretaps were not properly minimized. Dkt. No. 654 at 10. He also argues that the wiretaps were not necessary and makes a number of probable cause arguments. Id. at 12-14. Finally, Goodman argues that the wiretaps did not strictly comply with statutory requirements.

The Magistrate Judge recommends the Court deny Goodman's Motion. The Magistrate Judge concludes that minimization protocols were put in place and were followed. Dkt. No. 856 at 7. The Magistrate Judge also determines that the wiretaps were sufficiently necessary, and that Defendant Goodman's probable cause arguments are without merit. Id. at 9-13.

Goodman filed Objections, arguing that the wiretaps were not necessary and that one of the wiretap applications contained a material omission.[1] Dkt. No. 893.

---

[1] Goodman does not articulate any opposition to the Magistrate Judge's conclusions about minimization, general probable cause arguments, or strict statutory compliance.

2

**DISCUSSION**

**I.   Necessity**

Goodman argues in his Motion that the wiretap applications concerning his communications did not make the requisite showing of necessity. Dkt. No. 654 at 12. He argues that the applications' descriptions of necessity were largely boilerplate and asserts that traditional methods of surveillance had been proven to be successful in this case. Id. at 13.

The Magistrate Judge concludes that all relevant wiretap applications included a sufficient showing of necessity. Dkt. No. 856 at 11. The Magistrate Judge explains that investigators described alternative investigative techniques that were used in detail and gave specific reasons why those techniques were not sufficient to meet the needs of the investigation. Id.

In his Objections, Goodman reiterates his prior argument that the wiretap applications "contained boilerplate allegations, generalities, and conclusory statements" and that "the Government failed to show why the wiretaps were necessary." Dkt. No. 893 at 3.

I concur with the Magistrate Judge's conclusions. Goodman argues that other investigative techniques were available and had been used. Dkt. No. 893 at 4. But as the Magistrate Judge explains, a wiretap "may be utilized to determine the contours and dimensions of an otherwise impenetrable conspiracy, even where

3

investigators have used conventional methods with limited success." Dkt. No. 856 at 10 (citing <u>United States v. De La Cruz Suarez</u>, 601 F.3d 12012, 1214) (11th Cir. 2010)). Therefore, Goodman's argument that other investigative methods were available is not convincing.

Goodman also argues that the wiretap applications (and the Florida wiretap applications in particular) contained only boilerplate assertions about necessity. Dkt. No. 893 at 3. The record does not support Goodman's position. The wiretap applications were detailed and specific. For example, in one application in Duval County, Florida, the affiant explained that confidential sources conducted controlled purchases of drugs. Dkt. No. 714-7 at 166. The affiant explained which confidential sources were used and that those sources were able to "establish the regular distribution of large quantities of narcotics." <u>Id.</u> The sources could not, however, "identify any organizational member . . . that would lead to successful prosecution and would not meet the investigative objectives." <u>Id.</u>

As the Magistrate Judge explains, the warrant applications were sufficient to demonstrate that a wiretap was necessary. The wiretap statute "was not intended to 'foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved in the use of conventional

4

techniques.'" Dkt. No. 856 at 11-12. (quoting United States v. Hyppolite, 609 F. App'x 597, 606-07 (11th Cir. 2015)). All the wiretap applications in this case clearly did that, and Defendant Goodman's enumeration of error presents no grounds for suppression.

## II. Material Omissions

Defendant Goodman's second and final enumeration of error relates to a Southern District of Georgia wiretap. Specifically, the Government sought and received an order for continued interception of Target Telephone 1 ("TT1"), belonging to Defendant Christopher Hawkins, on September 7, 2023. Goodman was named as a Target Subject and Target Interceptee. Dkt. No. 714-4.

Goodman argued at the hearing on this Motion that the affiant failed to disclose in this application that Goodman was already a target subject for an August 24, 2023 wiretap in Duval County, Florida. Dkt. No. 856 at 12-13. The Magistrate Judge concludes that, even if the affiant omitted reference to the prior wiretap in his affidavit, the omission was not material. Id. at 13. The Magistrate Judge explains that "[t]he probable cause recitation in the affidavit would have been largely the same with the omitted fact, with only the minor addition that Goodman was already the target of a wiretap." Id.

In his Objections, Goodman argues that the omission of prior wiretaps in an affidavit supporting a wiretap application is a

5

material omission. He argues further that the information "is highly relevant and material as to whether the wiretap against Goodman should have been granted." Dkt. No. 893 at 4.

I concur with the Magistrate Judge's analysis. The affiant's recitation in support of probable cause does not change with or without the new information. And it is clear in this Circuit that suppression is only required for omissions that impact the judge's legal determination. "The disclosure of prior wiretaps does not relate to the legal determination the judge must make." United States v. Van Horn, 789 F.2d 1492, 1500 (11th Cir. 1986). Goodman does not address this binding precedent and, therefore, does not show that any wiretap application included a material omission that would warrant suppression.

## CONCLUSION

Accordingly, and after conducting an independent and de novo review of the entire record in this matter, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Goodman's Objections. The Court **DENIES** Goodman's Motion to Suppress.

SO ORDERED, this 29 day of December, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA